R. Santaella y Hno., Inc., peticionaria, *v.* La Corte de Distrito de San Juan, Hon. Pablo Berga, Juez, demandada.

No. 696.—*Sometido:* Febrero 24, 1930. *Resuelto:* Marzo 11, 1930.

*Angel A. Vázquez,* abogado de la peticionaria; *Attorney General James R. Beverley* y *R. Cordovés Arana, Sub-Procurador,* abogados de la *Comisión Industrial; R. Sancho Bonet,* abogado del obrero lesionado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El obrero Juan Antonio Collazo solicitó de la Comisión Industrial que le concediese indemnización por un accidente que tuvo en su trabajo y que le produjo lesiones. La comisión concedió la indemnización solicitada y condenó a la corporación R. Santaella y Hno., Inc., a que la pagase como patrono no asegurado. Para obtener la revisión de esa resolución acudió la corporación a la Corte de Distrito de San

Juan en apelación, como dispone la ley, alegando que fué condenada con pruebas de las cuales no se le dió oportunidad para defenderse y que no era el patrono de Juan Antonio Collazo cuando ese accidente. Por virtud de esa apelación la corte de distrito reclamó las diligencias practicadas por la Comisión Industrial y después de oír a las partes interesadas confirmó la resolución recurrida.

Contra la sentencia de la corte de distrito interpuso R. Santaella y Hno., Inc., ante nosotros el presente recurso de *certiorari* alegando error en los procedimientos de la corte inferior por haber confirmado la resolución de la Comisión Industrial en la que se le privó de la oportunidad de defenderse de cierta prueba y en que no es patrono del obrero lesionado. Librado el auto interesado hemos recibido las diligencias de la corte de distrito y las de la Comisión Industrial, informando después los abogados de las partes.

La corporación R. Santaella y Hno., Inc., fué citada como patrono no asegurado por la Comisión Industrial para que compareciera ante ella el 4 de abril de 1929 en ese asunto y en la citación se decían las lesiones sufridas por el obrero. Ese día tuvo lugar la vista del caso, y posteriormente fueron hechas unas radiografías del obrero y después, con referencia a ellas, informó por escrito el Dr. Guzmán Soto su opinión respecto a las consecuencias de las lesiones sufridas por dicho obrero y a la clase de incapacidad resultante de ellas; y fundándose la comisión en ese informe estimó que el obrero había quedado incapacitado permanentemente para trabajar y de acuerdo con esto fijó la cantidad que debía pagarle R. Santaella y Hno., Inc., como patrono no asegurado.

Dice la Ley No. 85 de 1928 referente a indemnizaciones a obreros en el *Disponiéndose* de su sección 25 que la comisión dará tanto al patrono como al obrero en el caso oportunidad de ser oídos y defenderse, ajustándose en lo posible a las prácticas observadas por las cortes de distrito; y como es un principio elemental de derecho que nadie puede ser pri-

vado de su propiedad sin el debido procedimiento de ley y como la de procedimientos dispone que toda persona debe tener oportunidad de defenderse, debiendo, por tanto, practicarse las pruebas ante ella para que tenga la oportunidad de contradecirlas, entendemos que en este caso fué privada R. Santaella y Hno., Inc., de esos derechos, pues nunca tuvo oportunidad de contradecir el informe y las conclusiones a que llegó el Dr. Guzmán Soto, que sirvieron de base para la condena en este caso. Por esto fué error de la corte inferior confirmar dicha resolución, basándose también en tal informe médico.

En cuanto a si la corporación recurrente es o no el patrono del obrero, no es cuestión propia para este recurso de *certiorari*.

*Por el motivo antes expuesto la sentencia recurrida debe ser anulada y dictarse otra dejando sin efecto la resolución que pronunció la Comisión Industrial, a la que se devolverán sus diligencias para que dé una oportunidad a R. Santaella y Hno., Inc., de defenderse en este caso.*